UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| MOBILE REAL ESTATE LLC, *et al.*, <br><br>                                               Plaintiffs, <br><br>          v. <br><br>NEWPOINT MEDIA GROUP, LLC, *et al.*, <br><br>                                               Defendants. |

No. 19-CV-11475 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiffs Mobile Real Estate, LLC and John Lim (collectively, "Plaintiffs") bring this Action against Defendants NewPoint Media Group, LLC, NewPoint Media Group Holdings, LLC, The Real Estate Book d/b/a TREBMobile Agent, Lion Equity Partners, LLC, and Pez Gallo Holdings, LLC (collectively, "Defendants"), alleging violations of state law and 18 U.S.C. § 1836 (the Defend Trade Secrets Act ("DTSA")). (Am. Compl. (Dkt. No. 11).) At a Pre-Motion Conference held on February 6, 2020, the Court granted Plaintiffs leave to file a Motion To Vacate and/or Stay Arbitration, granted Defendants leave to file a Motion To Compel Arbitration (collectively, the "Motions"), and adopted a briefing schedule for the Motions. (*See* Dkt. (minute entry for Feb. 6, 2020); Dkt. No. 12.) On February 18, 2020, Plaintiffs filed their Motion To Vacate and/or Stay Arbitration, (Dkt. Nos. 13–16), and filed a letter the following day requesting that the Court order a temporary stay of arbitration until the Court's decision on the Motions, (Letter from Gregory Saracino, Esq., to Court (Feb. 19, 2020) ("Feb. 19 Saracino Letter") 1 (Dkt. No. 17)). According to Plaintiffs, counsel for Defendants had "insisted that the arbitration proceed," despite the Motions to be filed, and the American Arbitration Association ("AAA") responded that it would "proceed with administration" absent an order from the Court.

(*Id.*) Pursuant to the Court's Order, (Dkt. No. 18), Defendants responded on February 20, 2020, objecting to Plaintiff's request, (Letter from Frederick L. Whitmer, Esq., to Court (Feb. 20, 2020) ("Feb. 20 Whitmer Letter") (Dkt. No. 19)), and simultaneously filing their Motion To Compel Arbitration, (Dkt. Nos. 20–23). The Court ordered Plaintiffs to respond to Defendants' letter, (Dkt. No. 24), and Plaintiffs did so on February 21, 2020, (Letter from Gregory Saracino, Esq., to Court (Feb. 21, 2020) ("Feb. 21 Saracino Letter") (Dkt. No. 25)). Plaintiffs noted that on February 20, 2020, the AAA requested that the Parties select a date for a preliminary hearing and billed an initial deposit to each Party. (Feb. 21 Saracino Letter Ex. A ("Feb. 20, 2020 AAA Letter") (Dkt. No. 25-1).)

"Courts in this district have routinely issued restraining orders to stay arbitration proceedings on a temporary basis," particularly when a determination of arbitrability of the dispute is pending. *Dylan 140 LLC v. Figueroa*, No. 19-CV-2897, 2019 WL 2235884, at *1 (S.D.N.Y. May 14, 2019) (citations omitted) (collecting cases); *see also Burgos v. Ne. Logistics Inc.*, No. 15-CV-6840, 2016 WL 899264, at *2 (E.D.N.Y. Mar. 2, 2016) ("[T]he questions before the [c]ourt on the forthcoming motion to compel arbitration . . . logically precede the initiation of arbitration proceedings. It would only make sense, therefore, that the [c]ourt is empowered to issue a temporary stay under the present circumstances." (citation omitted) (collecting cases)). Here, the pending Motions relate solely to whether the dispute between the Parties is subject to arbitration and will be fully briefed by March 5, 2020. Thus, it would make little sense to allow the arbitration to proceed before a decision on the Motions, and "[i]t would be unfair and harmful to Plaintiff[s'] potential right to litigate here . . . if the Court were to . . . thereafter determine that Plaintiff[s'] claim was properly before this Court." *Dylan 140 LLC*, 2019 WL 2235884, at *2. Further, a temporary stay of arbitration, only until the Court has had

the opportunity to determine whether the dispute should be arbitrated, will not be prejudicial to Defendants.

Accordingly, Plaintiffs' request for a temporary stay of arbitration is granted, pending the Court's resolution of the Motions or further order from the Court. The Clerk of Court is respectfully directed to terminate the pending letter motions. (Dkt. Nos. 17, 25.)

SO ORDERED.

DATED: February 21, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE